| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | <u>**NOT FOR PUBLICATION**</u> |

-----------------------------------------------------------x
In re:                                                            Chapter 7

BULENT UNAL,                                          Case No. 05-12322

                              Debtor.
-----------------------------------------------------------x
DIANA G. ADAMS, ACTING UNITED STATES
TRUSTEE,

                              Plaintiff,
              v.                                            Adv. No. 06-01181 (ALG)

BULENT UNAL,

                              Defendant.
-----------------------------------------------------------x

**MEMORANDUM**

      The United States Trustee ("Trustee") has moved for summary judgment on a complaint to deny a discharge to Bulent Unal (the "Debtor"). The Debtor is an individual who used to own or operate a fruit vending business and who currently works in a fish market. The Debtor did not file an answer to the Motion, but appeared *pro se* at the hearing held on June 20, 2007, and testified with respect to the Trustee's detailed allegations. He did not contravene any of the material allegations, which include the following:

      1. The Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on April 6, 2005 (the "Petition Date"). He was represented by counsel, but counsel withdrew by order dated June 28, 2006. The Debtor failed to retain subsequent counsel or pursue the possibility of obtaining *pro bono* counsel under the Court's *pro bono* program.

2. The Debtor's schedules show consumer debt totaling $293,710, assets totaling $4,300, monthly income of $600.00, and monthly expenses of $983.00. The Debtor's Statement of Financial Affairs asserts that (i) the Debtor's gross income for the year 2004 was $1000, (ii) the Debtor made no gifts in excess of $200 in the year preceding the date of filing his petition, (iii) the Debtor suffered no losses in the year prior to the petition date, (iv) the Debtor made no other transfers in the year preceding the petition date, and (v) that in the six years prior to the Petition Date the Debtor neither owned nor operated any business.

3. By letter dated April 20, 2005, the United States Trustee (the "Trustee") requested from the Debtor copies of his credit card statements, tax returns, and other documentation evidencing the various statements sworn to by the Debtor in his petition. The Debtor did not provide the documents sought by the Trustee but subsequently authorized the Trustee to obtain his credit card statements directly from the issuing companies. The Trustee obtained statements from 13 of the Debtor's 43 credit card issuers. By analysis of the credit card statements, the Trustee was able to establish that the Debtor exceeded his credit limits by a continual pattern of purporting to pay bills with instruments that were returned unpaid and then using the credit line before the unpaid check was registered. The Trustee calculated that $103,524.11 in debt was incurred in connection with these "bust outs." Some of the debt was incurred in connection with business cards on which the Debtor was personally liable, but the Debtor has never provided any business records whatsoever.

4. The Debtor was examined on April 26, 2006, where he testified about his income from his past and current business endeavors. His testimony showed that his

Statement of Financial Affairs was inaccurate. Specifically, the Debtor testified that he had owned and sold a fruit vending business and that from April or May of 2003 through the beginning of 2006 he received between $200 and $250 per week from the person to whom he sold his business. Furthermore, from April 2004 to early 2006 the Debtor received $200 per week from renting his van. This combined income constitutes more than $25,000 which the Debtor did not account for in his Statement of Financial Affairs. Furthermore, the Debtor has not accounted for the location of a vehicle he bought with credit card debt for more than $30,000, other than to say that he gave it to someone in payment of one of his debts.

The Trustee's Motion

The Motion is premised upon §§ 727 (a)(3) and (a)(5) of the Bankruptcy Code. The Trustee's principal ground is § 727 (a)(5), which provides that a discharge shall be granted unless "the Debtor has failed to explain satisfactorily…any loss of assets or deficiency of assets to meet the debtor's liabilities." The moving party bears the initial burden of showing an unexplained loss of the debtor's assets, and once met, the burden shifts to the debtor to explain the loss of assets. *Nisselson v. Wolfson (In re Wolfson)*, 139 B.R. 279, 288-89 (Bankr. S.D.N.Y. 1992), *aff'd* 152 B.R. 830 (S.D.N.Y. 1993).

The Trustee has shown that the Debtor incurred almost $300,000 of debt on his credit cards and, as evidenced by the Debtor's credit card statements, obtained valuable assets for which he has not provided an explanation as to their location or disposition. For example, the Debtor has failed to satisfactorily explain how he disposed of the car he bought in January 2003 for more than $30,000. The Debtor's "vague and indefinite" explanation does not sufficiently explain the disposition of this asset. *See United States v.*

3

*Trogdon (In re Trogdon)*, 111 B.R. 655, 659 (Bankr. N.D. Ohio 1990), citing *Chalik v. Moorefield*, 748 F.2d 616 (11th Cir. 1984). Although there is no question that the Debtor had enormous gambling losses during the applicable period, these losses do not provide a sufficient explanation under the circumstances. Based on the entire record, the Trustee has met her burden and should be granted summary judgment on her complaint to deny the Debtor's discharge pursuant to § 727(a)(5).

Section 727(a)(3) also mandates a denial of a debtor's discharge if "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the Debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under the circumstances of the case…." The moving party again bears the initial burden of proving that the Debtor failed to preserve his records. *Matter of Esposito*, 44 B.R. 817, 826 (Bankr. S.D.N.Y. 1984). Once that burden is met the onus shifts to the Debtor to show that he was justified for not preserving records. *Id*.

The Trustee has also adequately met her burden of demonstrating that the Debtor has failed to produce books and records. The Debtor has not provided the Trustee or the Court with any written documentation concerning his former business, the sale of his business or the ensuing income stream, or his tax returns for the relevant years. The Debtor has not satisfactorily explained the lack of these documents, and at the hearing held in this matter admitted that, with a few irrelevant exceptions, all the facts the trustee laid out in the Motion are true. As such, the Trustee has met her burden of showing no triable issue of fact, *see* Fed. R. Civ. P. 56(c) applicable through Bankr. R. 7056; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Morenz v. Wilson-Coker*, 415 F.3d

4

230, 234 (2d Cir. 2005), and summary judgment should also be granted to the Trustee denying the Debtor's discharge pursuant to § 727(a)(3).

The Trustee may settle an order on five days' notice.

Dated: New York, New York
       July 16, 2007

                                      */s/ Allan L. Gropper*
                                      UNITED STATES BANKRUPTCY JUDGE